IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NANCY A. MYSLONY,                        )
                                         )
            Plaintiff,                   )    TC-MD 120304C
                                         )
      v.                                 )
                                         )
WASHINGTON COUNTY ASSESSOR,              )
                                         )
            Defendant.                   )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss (motion), filed with its

Answer on May 21, 2012, requesting that Plaintiff's Complaint seeking a reduction in the

Maximum Assessed Value (MAV) for the 2007-08 through the 2011-2012 tax years for Account

R106539 (subject property) be dismissed.  Plaintiff filed a response to Defendant's motion on

June 22, 2012.  Defendant filed a Response to Plaintiff's Argument on July 20, 2012.  Oral

argument was held on August 7, 2012, by telephone.  Plaintiff was represented by Edward

Trotter (Trotter), Plaintiff's spouse and authorized representative.  Defendant was officially

represented by Mark Brewer (Brewer), Residential Supervisor, and Chris Werner, Appraiser,

Washington County Department of Assessment & Taxation.  (*See* Defendant's Answer at 1; *see*

*also* Defendant's Response at 1.)  Trotter appeared for Plaintiff, and Brewer and Steve Harris

(Harris) appeared for Defendant at the August 7, 2012, hearing.

I.   STATEMENT OF FACTS

At oral argument the parties agreed upon the following facts.  Plaintiff acquired the

property identified as Account R106539 in September 2011 from a trust established by

Plaintiff's parents in 2000.  (*See* Ptf's Resp to Def's mot at 1.)  Plaintiff's parents lived in the

home for many years before Plaintiff acquired the home, including portions of the relevant time

DECISION OF DISMISSAL  TC-MD 120304C                                                            1

period for this matter. MAV for the home has increased by three percent every tax year since the 2006-07 tax year. (*See* Def's Answer at 1.) The MAV for the 2005-06 tax year increased by more than three percent; Plaintiff alleges in her Complaint that the increase was 17 percent. (*See* Compl at 3; Ptf's Resp to Def's mot at 10.)

Plaintiff has appealed only the MAV of the subject property for the 2007-08 through the 2011-12 tax years. (Compl at 1, 3.) Plaintiff is not appealing the subject property's real market value (RMV). (*See* Ptf's Resp to Def's mot at 1, 3.) According to Plaintiff, a clerical error relating to an alleged improvement resulted in the addition of exception value (EV) to the 2005-06 assessment and tax rolls for the subject property. (Compl at 3-4.) At trial, Trotter asserted Defendant failed to provide any proof that an improvement was made to the subject property in 2004; Trotter based this assertion primarily on the absence of an "appraisal," which, according to Trotter, is required by the Uniform Standards of Professional Appraisal Practice (USPAP). (*See* Ptf's Resp to Def's mot at 2.) Trotter argued that Defendant erred in including EV in the 2005-06 assessment and tax rolls, and that this error resulted in an ongoing incorrect MAV for each subsequent year. (*See* Compl at 3.)

At oral argument, Brewer responded that the addition of the EV was not an error; the added property did "exist" and Defendant added it to the rolls in 2005, apparently as a result of a change to the property in 2004, which Defendant asserts constituted "new property or new improvements to property[.]" Under ORS 308.153, the EV added to the property can increase MAV more than the typical three percent annual cap on MAV provided for in ORS 308.146. However, Defendant's main argument is that Plaintiff is actually appealing the 2005-06 tax year, and the court has no jurisdiction to reach back that far even under ORS 311.205(2)(a), if that statute were applicable (based on Plaintiff's clam of a clerical error). Accordingly, Defendant

asserts that Plaintiff actually requests a change to tax year 2005-06 because the EV was added to the rolls that year; moreover, Defendant states that ORS 311.205(2)(a) does not give the court the necessary "jurisdiction to provide a remedy for the appealed the years." (Def's Resp at 1.) Finally, Defendant, citing *Kaufman v. Dept. of Rev.* (*Kaufman*), __ OTR __, TC No 4932, WL 2930866 (Jul 27, 2010), states the MAV calculations for the tax years before the court – 2007-08 through 2011-12 – are not erroneous because the MAV increased annually at a rate of three percent as provided by statute. (Def's Resp at 1.)

## II. ANALYSIS

At issue in this case is whether the court has jurisdiction to make a change to the tax roll for the 2005-06 tax year. This issue is dispositive as the current MAV calculations stem from a clerical error correction that Plaintiff asserts occurred in the 2005-06 tax year. The parties agree that, for the 2007-08 through the 2011-12 tax years, the MAV has been calculated at 103 percent of the subject property's assessed value (AV) from the previous year as required by ORS 308.146(1).[1] (*See* Def's Resp at 1; Compl at 4.)

Plaintiff challenges the base MAV used to calculate the annual three percent increase for MAV for tax years 2007-08 through 2011-12. Plaintiff primarily appeals pursuant to ORS 311.205,[2] which states that "[c]orrections may be made to the roll for any year or years not exceeding five years prior to the last roll so certified." ORS 311.205(2)(a). Based on the April 1, 2012 appeal date, the last certified tax roll for the subject property was the 2011-12 tax roll; five years prior to that roll was the 2006-07 tax year. ORS 308.210(1); ORS 311.105(1). Plaintiff alleges that the error occurred on the 2005-06 tax roll, stemming from value added by

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011 unless otherwise indicated.

[2] Plaintiff added a brief argument tied to ORS 311.234 in her response to Defendant's dismissal request. (Plaintiff's response at 3.) That argument is discussed later in this decision.

Defendant for new property or new improvements physically added in 2004. (Compl at 3-4.) Plaintiff's request for what is essentially a correction to the 2005-06 rolls falls beyond the maximum time allowed by statute to make changes to the tax rolls.

Plaintiff does not allege that Defendant incorrectly calculated the MAV for any of the tax years under appeal, simply that Defendant's calculations were based on an incorrect base MAV from the 2005-06 error. Defendant cites *Kaufman*, as support for its position that the roll values are not in error. (Def's Resp at 1.) *Kaufman* addressed an earlier unchallenged RMV that became the base for the future MAV calculations at issue. *Kaufman*, __ OTR at __ (slip op at 7-8). While Plaintiff here has only challenged the MAV and not the RMV, the same principles apply. The unchallenged 2005-06 MAV has become the base for the future MAV calculations. This does not mean "that all future MAV calculations are in error[,]" only that the "MAV is based on the unchallenged [2005-06 AV]." *Kaufman*, __OTR__ (slip op at 8).

Plaintiff argues that, while he is not appealing the RMV, the court does have jurisdiction to correct the alleged error on the 2005-06 tax rolls based on either: 1) an error in square footage under ORS 311.205 or 311.234, or 2) the addition of a nonexistent improvement, which could be corrected as an "error of any other kind" under ORS 311.205(1)(b). (Ptf's Resp at 3; Compl at 3-4.) In either case, Plaintiff insists that there are no time limits on corrections of this type. (*Id*.) The court disagrees. Corrections based on "any other error or omission of any kind" are limited to the "five years prior to the last [certified] roll." ORS 311.205(1)(b); ORS 311.205(2)(a). Square footage errors may or may not be correctable under ORS 311.205 (depending on the circumstances), but, assuming such an error could be corrected under that statute, the same "five

/ / /

years prior" limitation provided in subsection (2)(a) of ORS 311.205 applies.[3] ORS 311.234 specifically provides for square footage error corrections, but limits such corrections to "the current tax year," and vests the authority to make such corrections in the county assessor, not the tax court.

## III. CONCLUSION

Plaintiff has not alleged any error for a year which the court has jurisdiction to consider. Although Plaintiff initially indicated the appeal involves tax years 2007-08 through 2011-12, as explained above, the alleged error relates to the 2005-06 tax year. This court does not have the jurisdiction to make a change to the assessment and tax rolls beyond five years from the last certified tax roll, which, in this case, is the 2006-07 tax year. Accordingly, the court cannot grant the relief Plaintiff requests. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's motion is granted.

IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

Dated this ____ day of October 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within __60__ days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Magistrate Dan Robinson on October 3, 2012. The Court filed and entered this document on October 3, 2012.*

---

[3] ORS 311.205(1)(b) authorizes corrections based on errors in valuation judgment. The administrative rule promulgated by the Oregon Department of Revenue states that such errors are those where "the correction requires that the officer exercise judgment to determine the value, formulate an opinion as to value, or inquire into the state of mind of the appraiser." OAR 150-311.205(1)(b)-(A)(1). The rule goes on to state that such errors may include "[m]aking a mathematical error when computing the square footage." (*Id*.)